11-3653-cr
*United States v. Williams*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 18th day of September, two thousand and twelve.

PRESENT: BARRINGTON D. PARKER,
        RICHARD C. WESLEY,
                *Circuit Judges*,
        JOHN GLEESON,*
                *District Judge.*

---

UNITED STATES OF AMERICA,

                *Appellee*,

    v.                 11-3653-cr

BRYANT WILLIAMS,

                *Defendant-Appellant.*

---

FOR APPELLANT:    JAMES E. NEUMAN (David S. Greenfield, *on the brief*), New York, NY.

FOR APPELLEES:    STEVEN C. LEE, Assistant United States Attorney (Jennifer G. Rodgers, Assistant United States Attorney, *on the brief*),

---

\* The Honorable John Gleeson, of the United States District Court for the Eastern District of New York, sitting by designation.

*for* Preet Bharara, United States Attorney for the Southern District of New York, New York, NY.

Appeal from the United States District Court for the Southern District of New York (Jones, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of United States District Court for the Southern District of New York is **AFFIRMED**.

Defendant-Appellant Bryant Williams appeals from a judgment of conviction entered on September 1, 2011, in the United States District Court for the Southern District of New York (Jones, *J.*) following a 10-day jury trial. Williams was convicted of engaging in a scheme to deprive the United States of honest services under 18 U.S.C. §§ 1341, 1346 and accepting bribes in violation of his official duties as a military officer under 18 U.S.C. §§ 201(b)(2)(A) and (C). The district court sentenced Williams principally to 36 months' imprisonment and three years of supervised release. Williams challenges trial rulings that (1) allowed the government to admit evidence concerning wire-transfers made by a third-party at Williams's request, and (2) excluded statements made by the government at a pretrial conference that purportedly conflicted with arguments made at trial concerning the wire transfers.

The district court did not abuse its "broad discretion" in regard to these evidentiary rulings. *United States v. SKW Metals & Alloys, Inc.*, 195 F.3d 83, 87 (2d Cir. 1999). First, evidence that Williams asked a third-party to wire nearly $12,000 in cash from Iraq to Williams's friend in the United States was relevant to whether Williams was guilty of accepting cash bribes from contractors in Iraq. *See* Fed. R. Evid. 401. The district court did not err by concluding that the evidence was "admissible as *direct evidence*" of the charged crime—*i.e.*, that Williams was receiving bribes. Appendix 83 (emphasis added).

Second, the district court did not abuse its discretion in refusing to admit statements made by the government at a pretrial conference concerning the wire transfers. We agree with the district court that, considering the circumstances, these statements were not admissions by a party opponent under Federal Rule of Evidence 801(d)(2). *See, e.g.*, *United States v. Ford*, 435 F.3d 204, 215 (2d Cir. 2006) (citing *United States v. McKeon*, 738 F.2d 26, 33 (2d Cir. 1984)). Even if they were admissions, any error in precluding them was harmless because the statements were not inconsistent with the government's statements at trial.

We have considered Williams's remaining arguments and, after a thorough review of the record, find them to be without merit.

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk